UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON MAX AKIN, #21416-075 PETITIONER

V. CIVIL ACTION NO. 3:25-CV-742-DPJ-ASH

WARDEN, YAZOO CITY LOW FCI RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Jason Max Akin filed this 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' calculation of sentencing credit under the First Step Act (FSA) and the Second Chance Act (SCA). As explained below, the undersigned recommends the Court dismiss Akin's petition without prejudice due to his failure to exhaust.

I. Facts and Procedural History

On May 30, 2024, the United States District Court for the Northern District of Alabama sentenced Akin to a 42-month term of incarceration on a charge of attempt and conspiracy to commit mail fraud. Akin self-reported to begin serving his sentence on September 16, 2024, and immediately began earning time credits under the FSA. Dissatisfied with the BOP's "refusal to project and apply" future FSA credits and to "stack [SCA] prerelease custody," Akin filed this § 2241 petition challenging those issues on October 2, 2025. On January 31, 2026, Akin was placed in a community confinement facility in Birmingham, Alabama, and as of April 11, 2026, he had a projected release date of December 27, 2026, with projected good-time and applied FSA credits. Respondent filed a response in opposition to Akin's petition, and Akin filed no reply.

II. Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to its calculation] is a petition pursuant to 28 U.S.C. § 2241 . . . in the district where the [petitioner] is incarcerated." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021). To the extent Akin's petition challenging the application of his FSA and SCA credits implicates the duration of his term of incarceration, it is properly before the Court. *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) ("[A] habeas petition 'is the proper vehicle to seek release from custody.'" (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)), *cert. granted*, 2026 WL 1513325 (June 1, 2026).

Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.*

§ 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

If, at any point during the process, "the inmate does not receive a response within the time allotted for reply . . . , the inmate may consider the absence of a response to be a denial at that level." *Id.*; *see Flores v. Lappin*, 580 F. App'x 248, 250 (5th Cir. 2014) ("[E]ven if a response to [the inmate]'s administrative remedy request was delayed, the regulations of the Bureau of Prisons provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals."). "The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

In this case, Akin began the process of exhausting his administrative remedies: he filed a BP-9 with the Warden on October 1, 2025—one day before he filed this habeas petition. The Warden denied his BP-9 on October 17, 2025. Akin next filed a BP-10 with the Regional Director on December 12, 2025. As of April 23, 2026, the Regional Director had not responded to the BP-10, so under § 542.18, Akin was entitled to consider the non-response a denial and pursue the remedy at the next level. But he failed to file a BP-11 with the General Counsel, so he did not complete the administrative exhaustion process.

Akin argues that the Court should excuse his failure to exhaust because the BOP "has adopted a categorical practice of refusing to project and apply [FSA] credits prospectively," thus making exhaustion futile. Pet. [1] at 4. He also argues that "[c]ompleting the entire BP-10 and BP-11 process would extend well beyond [his] lawful prerelease date of November 12, 2025, thereby causing irreparable prejudice." *Id.* at 5.

There are "[e]xceptions to the exhaustion requirement," but they "apply only in extraordinary circumstances, and it is [Akin's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62). Akin fails to meet that burden. For starters, the fact that a petitioner believes he will be unsuccessful in his pursuit of administrative remedies does not excuse the obligation to exhaust. *Andrade v. Childress*, 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL 1139640 (S.D. Miss. Apr. 27, 2026). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Id.* (quoting *Wy v. Berkebile*, No. 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)). And "[t]he fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)); *accord Mosquera v. United States*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375, at *1 (S.D. Miss. Dec. 18, 2025). Akin has not shown he should be excused from administrative exhaustion.

## III. Conclusion

The undersigned has considered all arguments. Any not directly addressed would not have changed the outcome. Because Akin did not exhaust his administrative remedies and has not shown exhaustion should be excused, the undersigned recommends his petition be dismissed without prejudice.

## IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[1] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[1] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).